UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MAXIMO MICHAEL GUEVARA,
     Plaintiff,

vs.                         Case No:  8:25-CV-1200

JACOBS AUTO ENTERPRISE, INC.,
and USF FEDERAL CREDIT UNION,
     Defendants.
_____/

### DEFENDANT'S MOTION TO COMPEL ARBITRATION, OR ALTERNATIVELY TO DISMISS THIS ACTION

Defendant JACOBS AUTO ENTERPRISE, INC. ("Defendant"), moves to compel arbitration of all claims asserted in the Complaint filed by Plaintiff, Maximo Micheal Guevara ("Plaintiff"), because Plaintiff executed, agreed to, and is bound by a binding and mandatory arbitration agreement. Alternatively, in the event arbitration is not compelled, Defendant moves this Court, pursuant to Federal Rules of Civil Procedure Rule 12, for an order to dismiss on all Counts of the Complaint for lack of subject matter jurisdiction and strike Plaintiff's demand for jury trial.

### INTRODUCTION

1.    In the Complaint, Plaintiff purports to assert claims against Defendant for violation of the Federal Odometer Act (Count I), fraud (Count II), fraudulent inducement (Count III), breach of express warranty (Count IV),

revocation of acceptance (Count V), and fraud and fraudulent inducement (Count VI).

2.     The parties' agreement requires that any disputes between them be resolved through arbitration. *See Plaintiff's **Exhibit A**, Doc. No. 1-4.*

**ARBITRATION PROVISION**
**PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS**

1.  EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN YOU AND US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
2.  IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
3.  DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, any allegation of waiver of rights under this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this Vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a plaintiff in a collective or representative action, or a class representative or member of a class on any class claim. The arbitrator may not preside over a consolidated, representative, class, collective, injunctive, or private attorney general action. You expressly waive any right you may have to arbitrate a consolidated, representative, class, collective, injunctive, or private attorney general action. You or we may choose the American Arbitration Association (www.adr.org) or National Arbitration and Mediation (www.namadr.com) as the arbitration organization to conduct the arbitration. If you and we agree, you or we may choose a different arbitration organization. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to this claim or dispute, in which case the hearing will be held in the federal district where this transaction was originated. We will pay the filing, administration, service, or case management fee and the arbitrator or hearing fee up to a maximum of $5,000, unless the law or the rules of the chosen arbitration organization require us to pay more. You and we will pay the filing, administration, service, or case management fee and the arbitrator or hearing fee over $5,000 in accordance with the rules and procedures of the chosen arbitration organization. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. §§ 1 et seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.

You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate any related or unrelated claims by filing any action in small claims court, or by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual or statutory public injunctive relief. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination, payoff or transfer of this contract. If any part of

3.     A review of the Retail Installment Sale Contract (with arbitration provision) reveals that Plaintiff executed the agreement on February 6, 2024. *Id.* He did so knowingly, as reflected by the following statement on the page, which contains his signature:

this Arbitration Provision, other than waivers of class rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. You agree that you expressly waive any right you may have for a claim or dispute to be resolved on a class basis in court or in arbitration. If a court or arbitrator finds that this class arbitration waiver is unenforceable for any reason with respect to a claim or dispute in which class allegations have been made, the rest of this Arbitration Provision shall also be unenforceable.

**The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.**

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding.      Buyer Signs **X** _____      Co-Buyer Signs **X** ___ N/A ___
If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.
**See the rest of this contract for other important agreements.**

**NOTICE TO THE BUYER: a) Do not sign this contract before you read it or if it contains any blank spaces. b) You are entitled to an exact copy of the contract you sign. Keep it to protect your legal rights.**

You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You acknowledge that you have read all pages of this contract, including the arbitration provision above, before signing below. You confirm that you received a completely filled-in copy when you signed it.

Buyer Signs **X** _____ Date _02/06/24_      Co-Buyer Signs **X** ___ N/A ___ Date ___ N/A ___
If the "business" use box is checked in "Primary Use for Which Purchased": Print Name ___ N/A ___      Title ___
Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here **X** ___ N/A ___      Address ___ N/A ___
Seller Signs JACOBS MITSUBISHI WESLEY CHAPEL ___ Date _02/06/24_   By **X** _____      Title F&I MNGR

Seller assigns its interest in this contract to USF FEDERAL CREDIT UNION      (Assignee) under the terms of Seller's agreement(s) with Assignee.

[ ] Assigned with recourse      [X] Assigned without recourse      [ ] Assigned with limited recourse

Seller JACOBS MITSUBISHI WESLEY CHAPEL      Title F&I MNGR

**LAW** FORM NO. 553-FL-ARB-eps (REV. 1/24)
©2024 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.      LAW 553-FL-ARB-eps 1/24 v1    Page 6 of 6

4.     Defendant demands that any claims brought by Plaintiff are fully resolved by binding arbitration with the AMERICAN ARBITRATION ASSOCIATION (AAA) instead of litigation and that, therefore, this Court compel arbitration or dismiss for failure to state a claim upon which relief may be granted.

<u>**MEMORANDUM OF LAW**</u>

**A.     The Plaintiff Should be Compelled to Submit His Claims to Arbitration.**

Section 4 of the Federal Arbitration Act (FAA) establishes that "a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement would have jurisdiction under Title 28 in a civil

action [...], for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C.S. § 4 (2025).

Consistent with the FAA, agreements to arbitrate are heavily favored and rigorously enforced by courts. *See, e.g.*, *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987); *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24 (1983). Further, "federal law establishes the enforceability of arbitration agreements, while state law governs the interpretation and formation of such agreements." *Emps. of Wassau v. Bright Metal Specialties, Inc.*, 251 F.3d 1316, 1322 (11th Cir. 2001) (citing *Perry v. Thomas*, 482 U.S. 483, 489 (1987)).

Under Florida law, "[a]rbitration is a favored means of dispute resolution and courts indulge every reasonable presumption to uphold proceedings resulting in an award." *Roe v. Amica Mutual Insurance Co.*, 533 So. 2d 279, 281 (Fla. 1988); *see also Stinson-Head, Inc. v. City of Sanibel*, 661 So. 2d 119, 120 (Fla. 2d DCA 1995); Fla. Stat. § 682.02. Additionally, "a court must compel arbitration where an arbitration agreement and arbitrable issues exist, and the right to arbitrate has not been waived." *Gale Group, Inc. v. Westinghouse Elec. Corp.*, 683 So. 2d 661, 663 (Fla. 5th DCA 1996).

In ruling on a motion to compel arbitration, under both federal statutory provisions and Florida's arbitration code, courts consider the following three elements: (1) whether a valid written agreement to arbitrate exists; (2) whether an

arbitrable issue exists; and (3) whether the right to arbitration was waived. *Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 636 (Fla. 1999).

In the present case, there can be no dispute whether these requirements have been met: (1) a valid arbitration agreement exists between the Plaintiff and Defendant, specifically the Retail Installment Sale Contract (with arbitration provision); (2) the Retail Installment Sale Contract (with arbitration provision) covers all claims raised in the Plaintiff's Complaint, thereby created an arbitrable issue; (3) the right to arbitrate has not been waived.

### 1.    The Retail Installment Sale Contract (with arbitration provision) contains a Valid Written Arbitration Agreement.

Section 2 of the FAA provides that written agreements to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The central purpose of the FAA "is to ensure that private agreements to arbitrate are enforced according to their terms." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 682 (2010). The United States Supreme Court has repeatedly emphasized that the FAA enunciates an "emphatic federal policy in favor of arbitral dispute resolution" that requires courts to "enforce the bargain of the parties to arbitrate."[1]

---

[1] *See, e.g., Marmet Health Care Ctr., Inc. v. Brown*, 132 S. Ct. 1201, 1203 (2012) (quoting *KPMG LLP v. Cocchi*, 132 S. Ct. 23, 25 (2011) and *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 217 (1985); *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1742 (2011) ("courts must place arbitration agreements on an equal footing with other contracts . . . and enforce them according to their terms"); *CompuCredit Corp. v. Greenwood*, 132 S. Ct. 665, 669 (2012) (the FAA "requires courts to enforce agreements to arbitrate according to their terms"); *Cocchi*, 132 S. Ct. at 25–26 ("the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed") (emphasis in original).

Additionally, the court cannot consider the merits of the case when deciding a motion to compel arbitration. *See, e.g., AT&T Technologies, Inc. v. Comm. Workers of Am.,* 475 U.S. 643, 649–50 (1986). Rather, the FAA requires the court to engage "in a limited review to ensure that the dispute is arbitrable, i.e., to determine whether a valid arbitration agreement exists between the parties and that the specific dispute falls within the substance and scope of that agreement." *Kermanj v. Salomon Smith Barney, Inc.*, 05-61242-CIV, 2007 WL 9751654, at *3 (S.D. Fla. Mar. 27, 2007), report and recommendation adopted, 05-61242-CIV, 2007 WL 9751626 (S.D. Fla. Apr. 30, 2007).

A party seeking to avoid arbitration bears the burden of demonstrating that the arbitration provision is unenforceable or the claim unarbitrable, while recognizing that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration," including when "constru[ing] [...] the contract language itself." *Moses H. Cone Memorial Hosp.*, 460 U.S. at 24–25 (1983) (*see also Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91–92 (2000); *Ivax Corp. v. B. Braun of Am., Inc.*, 286 F.3d 1309, 1315 (11th Cir. 2002).

An arbitration agreement is treated in the courts in the same manner as any other binding contract between two parties. When in a federal jurisdiction, such as in the current case, district courts still must "apply ordinary state-law principles that govern the formation of contracts" to determine whether there is a valid agreement to arbitrate under the FAA. *Falvo v. Atl. Specialty Ins. Co.,* No. 8:24-cv-01412-WFJ-AEP, 2025 U.S. Dist. LEXIS 35952, at *6 (M.D. Fla. Feb. 28, 2025)

(quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). However, even when applying ordinary state law in an arbitration dispute, the federal policy favoring arbitration is taken into consideration. *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1368 (11th Cir. 2005).

Under Florida law, "[t]he basic elements of an enforceable contract are offer, acceptance, consideration, and sufficient specification of essential terms." *Jericho All-Weather Opportunity Fund, LP v. Pier Seventeen Marina & Yacht Club, LLC*, 207 So. 3d 938, 941 (Fla. 4th DCA 2016). In the present case, the Retail Installment Sale Contract (with arbitration provision) constituted an offer, and the Plaintiff's signature on all pages, as well as his signature agreeing to the Arbitration Provision, constituted acceptance. *Dodge of Winter Park, Inc. v. Morley*, 756 So. 2d 1085, 1085–86 (Fla. 5th DCA 2000) (recognizing that under Florida contract law, for an agreement to be enforced, "[g]enerally, it is enough that the party against whom the contract is sought to be enforced signs it"). *See also Mandell v. Fortenberry*, 290 So. 2d 3, 7 (Fla. 1974) ("There is a presumption that the parties signing legal documents are competent, that they mean what they say, and that they should be bound by their covenants.").

The mutuality of the parties' agreement to enter into the agreement for the sale of the 2021 Fort Transit Passenger Wagon (hereinafter the "Vehicle") constitutes sufficient consideration. Therefore, the contract of sale between the parties contains a valid written arbitration agreement

2.     **The Retail Installment Sale Contract (with arbitration provision) covers the Claims Raised in the Plaintiff's Complaint.**

The second factor that courts consider when ruling on a motion to compel arbitration is also met in this case. The Arbitration Provision expressly covers "any claim or dispute, whether in contract, tort, statute or otherwise [...] between you and us . . . which arises out of or relates to your [...] purchase or condition of this Vehicle, this agreement, or any resulting transaction or relationship [...] shall at your or our election, be resolved by neutral, binding arbitration and not by court action." *Plaintiff's **Exhibit A**, Doc. No. 1-4. ¶ 1.*

All of the Plaintiff's claims present in the complaint relate to the purchase or condition of the Vehicle or the signed agreement. Therefore, the claims are within the scope of the arbitration provision, and Plaintiff must be compelled to arbitrate such claims. Agostino v. Ally Fin., No. 8:18-cv-1202-T-36TGW, 2019 U.S. Dist. LEXIS 241565 (M.D. Fla. Jan. 29, 2019) (granting in part motion to compel arbitration where Plaintiff was required to arbitrate claims under an arbitration provision in Retail Installment Sale Contract with car dealership).

B.   **If Arbitration is Not Compelled, All Counts in the Complaint Should be Dismissed**

If arbitration is not compelled, all counts present in the Complaint should be dismissed, as this matter should be heard by arbitration. District courts within the Eleventh Circuit generally treat motions to compel arbitration as motions to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). *Owings v. T-Mobile USA, Inc.*, 978 F. Supp. 2d 1215, 1222

(M.D. Fla. 2013); *Bell v. Atl. Trucking Co., Inc.*, 3:09-cv-406-J-32MCR, 2009 U.S. Dist. LEXIS 114342, 2009 WL 4730564, at *2 (M.D. Fla. Dec. 7, 2009) *aff'd*, 405 Fed. Appx. 370 (11th Cir. 2010). A motion to compel arbitration is deemed to be a factual attack as it "asserts that a provision in an extrinsic document – an arbitration clause within the body of a contract – deprives the court of its power to adjudicate the claims." *Agostino v. Ally Fin.*, No. 8:18-cv-1202-T-36TGW, 2019 U.S. Dist. LEXIS 241565, at *7 (M.D. Fla. Jan. 29, 2019).

In a factual Rule 12(b)(1) motion, the Plaintiff's allegations are not presumed to be true, and the presence of a disputed material fact does not prevent the trial court from examining the merits of the jurisdictional issue. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). In the present case, there is no dispute regarding the existence of a valid contract with an arbitration claim. Thus, based on the Federal Rules of Civil Procedure, all counts in the case should be dismissed as there is a lack of subject matter jurisdiction.

## C.    Plaintiff's Jury Trial Demand Must be Stricken

In the case that arbitration is not compelled, the Plaintiff's demand for jury trial must be stricken. As stated in the Arbitration Provision of the agreement, the Plaintiff or Defendant "MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN YOU AND US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL." *Plaintiff's **Exhibit A**, Doc. No. 1-4.* The Defendant in this case has used their right to have the dispute involving the Plaintiff decided by arbitration. It cannot be said in this case that the Defendant has engaged in any meaningful

litigation or acted inconsistently with its arbitration rights. Therefore, the Defendant has not waived its right to arbitration.

In accordance with Section 3 of the FAA, Federal courts can refer any issue to arbitration "under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is preferable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement" 9 U.S.C.S. § 3 (2025). Thus, the Plaintiff's "Demand for Jury Trial" in the Complaint should be stricken.

**WHEREFORE,** Defendant respectfully requests that this Honorable Court enter an order dismissing (or staying) this case in favor of arbitration or dismissing with prejudice all counts of the Plaintiff's Complaint and striking Plaintiff's demand for a jury trial and granting Defendant such further and additional relief as the Court deems just and proper.

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 6th day of June 2025, I electronically filed the foregoing with the Clerk of the Court by utilizing the Florida Courts E-Filing Portal, which will send a notice of electronic filing to all counsel of record.

Respectfully,
**DIXIT LAW FIRM**

*/s/ Shyamie Dixit*
Shyamie Dixit, Esq., B.C.S. (sdixit@dixitlaw.com)
Florida Bar No. 719684
Brett M. Sarason, Esq. (bsarason@dixitlaw.com)
Florida Bar No. 567345
Robert L. Vessel, Esq. (rvessel@dixitlaw.com)

Florida Bar No. 314536
3030 N. Rocky Point Drive West, Suite 430
Tampa, FL 33607
Telephone:  (813) 252-3999
Facsimile:  (813) 252-3997
*Attorney for JACOBS AUTO ENTERPRISE, INC.*