UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MAXIMO MICHAEL GUEVARA,
an individual,

    Plaintiff,

vs.

Case Number:
8:25-cv-01200-SDM-NHA

JACOBS AUTOMOTIVE GROUP, INC.
d/b/a JACOBS MITSUBISHI WESLEY
CHAPEL, a Florida Corporation and
USF FEDERAL CREDIT UNION, a
Federal Credit Union,

    Defendants.
_____/

**DEFENDANT'S RESPONSE PER THE COURT'S ORDER DATED JUNE 9, 2025 AND UNOPPOSED MOTION TO STAY CASE PENDING OUTCOME OF ARBITRATION**

    Comes now Defendant, USF FEDERAL CREDIT UNION ("Defendant" or "USF FCU"), by and through their undersigned attorneys, and pursuant to Fed. R. Civ. P. 7(b), and other applicable law as set forth below and files this Response required by the Court's Order dated June 9, 2025 and Unopposed Motion to Stay Case Pending Outcome of Arbitration, and as grounds therefore, states as follows:

    1.    On May 9, 2025, Plaintiff, MAXIMO MICHAEL GUEVARA ("Plaintiff"), filed his Complaint for Damages and Incidental Relief ("Complaint") in this matter against Defendants, JACOBS AUTOMOTIVE GROUP, INC. d/b/a JACOBS MITSUBISHI WESLEY CHAPEL ("JACOBS" or "Defendant").

1

2. On May 13, 2025, Plaintiff filed his Amended Complaint for Damages and Incidental Relief ("Amended Complaint") against the Defendants in this matter.

3. On June 6, 2025, USF FCU filed Defendant's Unopposed Motion for Extension of Time to Respond to Plaintiff's Amended Complaint for Damages and Incidental Relief.

4. Also on June 6, 2025, Jacobs filed its Motion to Compel Arbitration or Alternatively to Dismiss this Action.

5. On June 9, 2025, the Court issued an endorsed order granting USF FCU's motion to extend time to June 26, 2025, to respond to the Plaintiff's Amended Complaint.

6. On June 25, 2025, Plaintiff's counsel submitted a Demand for Arbitration with the American Arbitration Association ("AAA") against both Defendants named in this action pursuant to the Arbitration Provision in the Retail Installment Sale Contract ("RISC"), a copy of which is attached as Exhibit "A" to the Plaintiff's Amended Complaint. Copies of the Demand for Arbitration against Defendants, Jacobs and USF FCU are attached hereto as Exhibits #1 and #2, respectively.

7. That the following wording is set forth directly above the signature of the Plaintiff on the RISC:

> **ARBITRATION PROVISION**
> **PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS**
> 1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN YOU AND US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
> 2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
> 3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.
>
> Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, any allegation of waiver of rights under this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this Vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator only on an individual basis and not as a plaintiff in a collective or representative action, or a class representative or member of a class on any class claim. The arbitrator may not preside over a consolidated, representative, class, collective, injunctive, or private attorney general action. You expressly waive any right you may have to arbitrate a consolidated, representative, class, collective, injunctive, or private attorney general action. You or we may choose the American Arbitration Association (www.adr.org) or National Arbitration and Mediation (www.namadr.com) as the arbitration organization to conduct the arbitration. If you and we agree, you or we may choose a different arbitration organization. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website.
> Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this transaction was originated. We will pay the filing, administration, service, or case management fee and the arbitrator or hearing fee up to a maximum of $5,000, unless the law or the rules of the chosen arbitration organization require us to pay more. You and we will pay the filing, administration, service, or case management fee and the arbitrator or hearing fee over $5,000 in accordance with the rules and procedures of the chosen arbitration organization. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. §§ 1 et seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.
> You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate any related or unrelated claims by filing any action in small claims court, or by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual or statutory public injunctive relief. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination, payoff or transfer of this contract. If any part of

8. The parties to this action have all agreed to participate in arbitration as required by the Arbitration Provision within the Retail Installment Sales Contract between Plaintiff and Jacobs and which was subsequently assigned to USF FCU.

9. The Plaintiff's Demand for Arbitration filed with the AAA and the parties' agreement to arbitrate have rendered the need for a response to the Plaintiff's Amended Complaint moot as Plaintiff's claims against the Defendants will be determined in the arbitration proceeding before the AAA.

10.   USF requests a stay or abatement of this matter pending the outcome of arbitration of the Plaintiff's dispute against the Defendants and the confirmation of any Award by the arbitrator.

11.   Plaintiff's counsel and Defendant's counsel for Jacobs have informed the undersigned that they do not oppose the Defendant's request to stay or abate this action pending the outcome of arbitration.

WHEREFORE, Defendant, USF FCU prays that this Honorable Court enters an Order granting this Motion and stays or abates this action pending the outcome of the Arbitration proceeding demanded before the AAA.

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' RESPONSE AND MOTION TO STAY PENDING OUTCOME OF ARBITRATION

A stay of arbitrable claims is mandatory. "By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, and *Klay v. Pacificare Health Sys.*, 389 F.3d 1191, 1204 (11th Cir. 2004). The parties to this action have agreed to participate in arbitration under the arbitration provision set forth in the RISC. Therefore, this action should be stay or abated pending the outcome of arbitration before the AAA.

### LOCAL RULE 3.01(G) CERTIFICATION

The undersigned hereby certifies, pursuant to Local Rule 3.01(g), that counsel for Defendant USF FCU has conferred with counsel for Plaintiff and Defendant

4

Jacobs, and that counsel for Plaintiff and Defendant Jacobs has advised movant that Plaintiff and Defendant Jacobs do not oppose the entry of an order staying this action.

Dated: June 26, 2025.

/s/ Ronald H. Trybus
Ronald H. Trybus, Esquire
Florida Bar Number 367958
Kass Shuler, P.A.
Post Office Box 800
Tampa, Florida 33601-0800
Phone: (813) 229-0900
Fax: (813) 229-3323
Primary Email: rtrybus@kasslaw.com
Secondary Email: eservicetrybus@kasslaw.com
Attorney for Defendant, USF Federal Credit Union

## CERTIFICATE OF SERVICE

I hereby certify that on June 26th, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System and the foregoing document was served on all counsel of record.

/s/ Ronald H. Trybus
Ronald H. Trybus, Esquire
Florida Bar Number 367958